Filed 12/12/13  P. v. Pierson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058798 |
| v. | (Super.Ct.No. INF027313) |
| GREGORY THOMAS PIERSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Graham Anderson Cribbs, Judge.  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## STATEMENT OF THE CASE

On September 8, 1998, defendant and appellant Gregory Pierson was sentenced to two consecutive 25-year-to-life terms for violating Penal Code[1] section 496 (receiving stolen property, count 1), and Health and Safety Code section 11377, subdivision (a) (possession of a controlled substance, count 2). The court also sentenced defendant to an additional one year pursuant to Penal Code section 677.5, subdivision (b). On March 17, 2000, the court resentenced defendant and imposed the sentence on count 2 concurrently, rendering his total sentence 26 years to life.

On December 11, 2012, defendant filed a motion to modify his sentence under section 1170.126. The People filed an opposition to the motion to modify on March 21, 2013. While the motion was pending, the Superior Court of San Bernardino County granted a similar motion by defendant. After hearing argument on the motion on April 26, 2013, the court took the matter under submission. On May 10, 2013, the court denied the motion.

On May 20, 2013, defendant filed a timely notice of appeal.

## STATEMENT OF FACTS

*A. Underlying Offenses*

In 1997, defendant was apprehended at a coin and jewelry shop; he had attempted to sell stamps, which had been reported stolen. While in the backseat of the police car,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

defendant removed a baggie of methamphetamine from his pocket and attempted to dispose of it behind the seat.

### B. *Facts Relevant to the Motion*

Defendant filed a motion to modify his sentence under section 1170.126.

The People opposed the motion because, in addition to the offenses at issue here, defendant had several prior convictions in 1987 for first degree burglary while he had been living in Hawaii, as well as several convictions for burglary in 1992 in California.

While incarcerated at Ironwood State Prison in 2001, "pruno" (jailhouse alcohol) was found in defendant's cell, and defendant was involved in several violent incidents. In 2009, defendant was disciplined for participating in a "riot" at which time he was fighting with two other inmates. In 2010, "during an alarm," defendant rose up from the prone position and struck an inmate. Defendant, however, was the initial victim of the assault and the other inmate did not sustain serous injuries. In January 2012, defendant had been involved in a "large scale riot, involving over 450 inmates," and was involved in another riot in October 2012.

In reply to the prosecution's opposition, defendant explained that he had requested to be housed at Ironwood, a "Level III" facility, even though he was a "Level II" inmate, in order to be closer to his parents. The severe overcrowding at Ironwood increased the likelihood of violent outbreaks. Defendant had no weapons violations and no gang affiliations. Defendant had been a cook for seven years, demonstrating his good behavior.

Defendant explained that if he were released, he would be employed at his parents' swap meet business, and would eventually take over the business. Defendant stated that his prior burglaries were the result of his methamphetamine addiction, but he has been clean during the 15 years he has spent in prison. Defendant submitted a letter in support of his motion, as well as numerous letters of support from family and friends.

At the hearing on the motion, the prosecution stipulated that defendant was statutorily eligible for relief, but argued that he was not suitable under the criteria of section 1170.126, subdivisions (f) and (g). Defendant, his parents, and his brother spoke on defendant's behalf.

After taking the matter under submission, the court denied relief based on "the complete track record of [defendant]," finding him "a serious and significant danger to society."

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On September 23, 2013, defendant filed a 23-page typewritten brief. In his brief, defendant makes four arguments. We shall address them.

4

First, defendant appears to be arguing that the trial court erred in denying his motion based on incidents in prison: (1) "The incidents in prison were based upon regulatory punishments imposed under Penal Code, section 2932, subdivision (c), no criminal punishments were imposed, therefore punishments imposed by refusing to reduce appellant's sentence under Proposition 36 was plain error"; (2) "Consideration of false incidents in prison as reason to deny petition under Proposition 36 were plain error"; and (3) "Under the Fourteenth Amendment appellant is entitled to a sentence which is not based upon misinformation of a constitutional magnitude." The court, however, did not deny defendant's motion based on his behavior in prison. In making its decision, the court based its decision on "the complete track record" of defendant. The court went on to recite that defendant had been convicted "somewhere between I think—call it 11 to 18 felonies, all of which, if my memory serves me correct, also, would have constituted strike offenses under the law here in the state of California insofar as the Three Strikes Law is concerned." The court went on to note that the *convictions* defendant suffered, not incidents in prison, "were inherently serious and dangerous violent felonies." The court concluded that as a result of defendant's violent tendencies, his age, and that "he has engaged in a course of conduct; i.e., first degree burglaries, which are incredibly serious in our society," the court had "no reason to believe that he is anything less than a serious and significant danger to our society."

In connection with this issue, defendant appears to be arguing that his prior strikes should be dismissed in the interest of justice under section 1385. This argument, however, is not before us. This argument should have been pursued in 1998, when

5

defendant was sentenced for the underlying offenses.  The only issue on this appeal is whether the trial court erred in denying defendant's motion to modify his sentence under section 1170.126.

Furthermore, defendant argues that his appellate counsel rendered ineffective assistance of counsel (IAC) by filing his brief under *Anders v. California*, *supra*, 386 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436.  According to defendant, "[t]here were several grounds that appellate counsel should have addressed, all or in part."

In order to establish a claim of IAC, a defendant must demonstrate, "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result.  [Citations.]  A 'reasonable probability' is one that is enough to undermine confidence in the outcome.  [Citations.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541, citing, among other cases, *Strickland v. Washington* (1984) 466 U.S. 668; accord, *People v. Boyette* (2002) 29 Cal.4th 381, 430.)  Hence, an IAC claim has two components:  deficient performance and prejudice. (*Strickland v. Washington*, at pp. 687-688, 693-694; *People v. Williams* (1997) 16 Cal.4th 153, 214-215; *People v. Davis* (1995) 10 Cal.4th 463, 503; *People v. Ledesma* (1987) 43 Cal.3d 171, 217-218.)  If the defendant fails to establish either component, his claim fails.

In this case, defendant contends that his appellate counsel rendered IAC because he failed to raise the issues set forth by defendant, as summarized *ante*:  that the trial court's decision to deny his motion to modify his sentence under section 1170.126 was in

6

error because the trial court based its decision on post-conviction behavior, which occurred in prison. However, as discussed *ante*, the trial court primarily based its decision on defendant's past *felony convictions*, not his behavior in prison. Therefore, defendant cannot satisfy the first component of deficient performance in his IAC claim.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI

J.

We concur:

McKINSTER

Acting P. J.

CODRINGTON

J.

7